IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LYNN BRASHEAR, ) | | |
| ID # 35071-077, ) | | |
| Movant, ) | No. 3:08-CV-0531-M (BH) | |
| vs. ) | No. 3:06-CR-0124-M (01) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | Referred to U.S. Magistrate Judge | |
| Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:06-CR-0124-M. The respondent is the United States of America (government).

**B. Procedural History**

On April 19, 2006, movant and a co-defendant were charged by indictment with various drug and firearm offenses. (*See* Indictment, doc. 1.)[1] In November 2006, both individuals agreed to plead guilty to conspiracy to possess with intent to distribute fifty grams or more of metham-

---

[1] Unless stated otherwise, all document numbers refer to the docket number assigned to the document in the underlying criminal action.

phetamine (Count 1) and possession of a firearm in furtherance of drug trafficking activity (Count 4). (*See* Plea Agreements, docs. 42, 44.) As part of his agreement, movant waived his right to appeal his conviction and sentence and his right to contest his conviction and sentence in any collateral proceeding. (Doc. 42 at 6.) However, he specifically reserved the rights "(a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of any of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." (*Id.*)

On April 17, 2007, the Court conducted a sentencing hearing. (Tr. Sentencing at 1.) On April 23, 2007, the Court entered judgment upon movant's guilty plea and sentenced him to 230 total months imprisonment – 170 months on Count 1 and 60 months on Count 4 to run consecutively. (*See* Judgment, doc. 61.) On February 20, 2008, the Fifth Circuit Court of Appeals dismissed movant's appeal as frivolous without discussing any particular issue raised. *United States v. Brashear*, No. 07-10490, slip op. (5th Cir. Feb. 20, 2008) (per curiam).

On March 27, 2008, the Court received the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. (*See* Mot. Vacate at 1.) Movant claims that his attorneys rendered ineffective assistance at sentencing and on appeal, and that the Court violated his Sixth Amend rights under *United States v. Booker*, 543 U.S. 220 (2005) and related cases. (Mot. Vacate at 5-6; Mem. Supp. at 7-13.) The government contends that movant's ineffective assistance claims have no merit, that he waived his right to raise assert the Sixth Amendment violation, and that the claim is not cognizable on collateral review in any event. (Resp. Opp'n Mot. § 2255 at 2-8 [hereafter Resp.].) Movant filed a reply brief. (*See* Petr.'s Reply [hereinafter Reply].)

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that his attorneys rendered ineffective assistance of counsel at sentencing and on appeal.  (Mem. Supp. at 7-12.)

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI.  To successfully state a claim of ineffective assistance of trial or appellate counsel, movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  This test applies to allegations of ineffective assistance of trial and appellate counsel. *See Phillips*, 210 F.3d at 348.  A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

### A. <u>Sentencing</u>

Movant asserts that his trial attorney rendered ineffective assistance at sentencing when the attorney failed to (1) object to his criminal history; (2) seek an adjustment based upon his role in the offense; and (3) adequately object to an enhancement under USSG § 3C1.2 for reckless endangerment during flight.  (*See* Mem. Supp. at 7-12.)

To determine whether counsel's performance is constitutionally deficient under *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." 466 U.S. at 689.  Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* at 200. Movants must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

1. *Criminal History*

Movant claims that his attorney failed to object that a Criminal History Category III overrepresents the seriousness of his criminal history. (Mem. Supp. at 8-10.) Counsel, however, filed a motion for downward departure raising that issue, (doc. 59), and specifically argued the issue at sentencing, (*see* Sentencing Tr. at 7-9). The Court declined to depart from or alter the calculated guideline range but indicated that it would consider the argument when determining the appropriate sentence within the guideline range. (*Id.* at 9.) Under these facts, counsel was not deficient and movant is entitled to no relief on this basis.

4

## 2. *Mitigating Role*

Movant next claims that his trial attorney failed to seek a downward adjustment under USSG § 3B1.2 for his mitigating role in the offense. (Mem. Supp. at 10-12.)

Under USSG §3B1.2, courts may decrease a defendant's offense upon a finding that the defendant was a minor or minimal participant (or somewhere in between) in the criminal activity. For purposes of this guideline, a minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group." USSG §3B1.2, comment. n.4 (2005). Further, "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* comment. n.5. Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *Id.* comment. n.3(A).

In the motion for downward departure filed on movant's behalf, counsel argued *inter alia* that movant's "limited role in the conspiracy" justified a downward departure. (*See* Mot. Downward Departure at 5.) Although counsel did not refer to § 3B1.2 in that motion or make any argument at sentencing regarding movant's mitigating role, counsel did present the issue to the Court to some extent. The Court denied the motion at sentencing without making a finding as to what role movant played in the offenses. (*See* Sentencing Tr. at 9-14.)

Assuming without deciding that counsel rendered deficient representation by not specifically arguing for a § 3B1.2 adjustment in the filed motion or at sentencing, the claim still fails because movant has shown no prejudice. Movant provides no evidence to suggest that he had a substantially less culpable role than his co-defendant. Both defendants pled guilty to the same drug conspiracy and possession of a firearm in furtherance of the drug activity. Movant stipulated to facts sufficient

5

to show that he committed the offenses. (*See* Factual Resume, doc. 43.) At rearraignment he stated that the facts within the factual resume were true and correct. (Tr. Rearraignment at 25.) Under these facts, movant has not carried his burden to show that a specific request for adjustment under § 3B1.2 would have been successful. *See United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001) (holding that the burden to show that an adjustment is warranted rests with the party seeking the adjustment). Consequently, he has shown no reasonable probability that but for the alleged deficiency of counsel his sentence would have been less harsh. Accordingly, this claim entitles movant to no relief.[2]

### 3. *Reckless Endangerment*

Movant argues that his attorney failed to adequately object to an enhancement imposed under USSG § 3C1.2 for reckless endangerment while fleeing from a law enforcement officer. (Mem. Supp. at 12.) He contends that had counsel objected more effectively, counsel would have convinced the Court that his conduct was properly characterized as merely avoiding or fleeing from arrest. (*Id.*)

The sentencing guidelines provide for a two level increase in offense level for obstructing or impeding the administration of justice. *See* USSG § 3C1.1 (2005). Merely "avoiding or fleeing from arrest" does not qualify for an enhancement under § 3C1.1. *See id.* comment. n.5(d). Nevertheless, fleeing from a law enforcement officer results in a two-level increase to offense level only when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person"

---

[2] As part of this claim, movant arguably claims that his attorney failed to object to the Court's failure to make a finding as to what role he played in the offenses. (*See* Mem. Supp. at 11-12.) Because the Court had no obligation to make a specific determination as to movant's role in the charged offenses, the Court finds no deficiency of counsel with respect to his failure to object to the absence of such determination on the record. That aspect of this claim thus fails.

while fleeing. *See id.* § 3C1.2.

In this case, counsel objected to the § 3C1.2 enhancement in written objections and orally at sentencing. (*See* Sentencing Tr. at 4-6.) The Court overruled the objection. (*See id.* at 6.) The Court finds no deficiency of counsel on the facts of this case. Consequently, this claim entitles movant to no relief.

**B. <u>Appellate Counsel</u>**

Movant claims that his appellate attorney rendered ineffective assistance of counsel by failing to raise the following issues on appeal: (1) Criminal History Category III over-represents his criminal history; (2) absence of an adjustment for role in offenses; and (3) improper enhancement for reckless endangerment during flight. (*See* Mem. Supp. at 7-12.)

Appellate counsel need not raise every non-frivolous issue on appeal to be effective. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel renders deficient performance by not raising claims on appeal, the Court must consider whether the omitted challenges "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

For the reasons discussed in the context of ineffective assistance of trial counsel, movant's issues lack sufficient merit to raise on appeal. Consequently, the Court finds no deficiency of counsel

7

in failing to raise them on appeal. This claim entitles movant to no relief.

### III. SIXTH AMENDMENT VIOLATION

Movant lastly claims that the Court violated his Sixth Amendment rights under *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); and Apprendi v. New Jersey, 530 U.S. 466 (2000). (Mem. Supp. at 13-14.) He argues that the Court erred in imposing a two-level adjustment under USSG § 3C1.2 without a jury finding facts sufficient to support such adjustment. (*Id.* at 13.)

At sentencing, the Court specifically recognized that the sentencing guidelines were merely advisory. (Tr. Sentencing at 4, 9.) Under the advisory sentencing regime established in *Booker*, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *accord United States v. Jauregui*, No. 05-50547, 2006 WL 2460762, at *1 (5th Cir. Aug. 21, 2006) (per curium) (following *Mares* and noting that, "[b]y rendering the Guidelines advisory, *Booker* eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding facts relevant to sentencing"). Consequently, movant's claim based upon *Booker*, *Blakely*, and *Apprendi* does not entitle him to relief in this action filed pursuant to 28 U.S.C. § 2255.[3]

### IV. EVIDENTIARY HEARING

Section 2255 of Title 28 of the United States Code controls whether an evidentiary hearing

---

[3] The government argues that movant has waived this claim through his voluntary plea and accompanying waivers. Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Because movant has not challenged the voluntariness of his plea or the waiver, the waiver indeed bars this claim.

8

is required in this case. The statute provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. The matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the Court should **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 22nd day of December, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE